THATCHER MFG. CO. v. CREAMERY PACKAGE MFG. CO. et. al.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1899.)

No. 531.

PATENTS—INFRINGEMENT—IMPROVEMENT IN MILK BOTTLES.
The Barnhart patent, No. 411,368, for improvements in means for capping and sealing milk bottles, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

This was a suit in equity by the Thatcher Manufacturing Company against the Creamery Package Manufacturing Company, Charles M. Gates, and George Walker for the alleged infringement of a patent.

John W. Munday, for appellant.

George P. Fisher, Jr., for appellees.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

PER CURIAM. This appeal is from a decree dismissing for want of equity a bill brought to obtain an injunction against infringement of letters patent No. 411,368, issued on September 17, 1889, to Harvey P. and Samuel L. Barnhart for "improvements in means for capping and sealing milk bottles." The claim reads as follows:

"The combination, with the jar or bottle hereinbefore described, the circular neck or outlet portion of which comprises upon its interior wall an offset, the upper face of which lies in a plane passing through the neck at a right angle to the longitudinal axis thereof, that part of the wall immediately above said offset being truly cylindric, while the remaining portion of said wall is of slightly flaring outline, as set forth, of the wafer-like ligneous disk described, saturated with paraffin, seated upon the said offset within the cylindric portion of the neck, whereby, without other fastenings, the mouth of the bottle is effectually closed, as set forth."

The specification contains the following not less specific description of the bottle:

"The opening of the bottle at b, b, is large enough to allow the disk to freely enter the neck, but slightly contracted as it approaches the shoulder, until, within a distance therefrom slightly in excess of the thickness of the disk, as at c, c, it becomes exactly parallel with the outer surface of the bottle mouth. * * * The peculiar shape of the bottle neck, at first a funnel of exceedingly slight taper, then a section of a true cylinder, against which rises the shoulder or offset. * * * The cap having a firm and close engagement upon its periphery with the cylindric portion of the neck."

In the alleged infringing device, the portion of the bottle neck above the shoulder, instead of being cylindric, is in the form of the frustum of a cone, through the narrower portion of which the disk must be pushed into position; and, in view of the very clear and specific terms of the claim, which leave no room for construction, this court approves the conclusion of the circuit court that there had been no infringement. See McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76. The words "truly cylindric" are not held to mean mathematically cylindric, but they do mean that that part of the wall immediately above the offset shall be, as nearly as in practice it may be made, truly cylindric, and do not admit of voluntary departure from that form. Whether, in view of the prior art, which certainly would compel a very narrow construction, the claim is valid, need not be considered. The decree below is affirmed.